JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Natisha Smith

## DEFENDANTS

Interim Health Care of Lower Montgomery County, et al.

(b) County of Residence of First Listed Plaintiff   New Castle, DE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Christopher R. Booth, Jr., Esq, 1835 Market Street, Suite 2950, Phila, PA 19103 215-518-6683

Attorneys *(If Known)*
Steven Auerbach Esq., 822 Montgomery Ave, Suite 210, Narbeth, PA 19072 215-964-4410

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |  ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. sec 1981

Brief description of cause:
Employment discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
4/07/2021

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

aW1hЗ

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 23 Auburn Drive, New Castle, DE 19720 _____

Address of Defendant: _____ 540 Pennsylvania Avenue, Suite 101, Ft. Washington, PA 19034 _____

Place of Accident, Incident or Transaction: _____ 540 Pennsylvania Avenue, Suite 101, Ft. Washington, PA 19034 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 04/07/2021   _____ Attorney-at-Law / Pro Se Plaintiff   59395   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.   Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
     *(Please specify):* _____

**B.   Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Christopher R. Booth, Jr. , counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 04/07/2021   _____ Attorney-at-Law / Pro Se Plaintiff   59395   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRIC OF PENNSYLVANIA

| | |
|---|---|
| NATISHA SMITH, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :　　No.: |
| | : |
| INTERIM HEALTH CARE OF | : |
| LOWER MONTGOMERY COUNTY | : |
| et al., | : |
| | : |
| Defendants. | : |

## COMPLAINT

Plaintiff, Natisha Smith, by her undersigned counsel, hereby avers as follows:

## JURISDICTION

1. This is an employment discrimination case brought pursuant to the Civil Rights Act of

   1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981").

   The plaintiff, Natisha Smith, alleges that each of the defendants engaged in a pattern and

   practice of intentional employment discrimination and retaliation on the basis of race

   against Plaintiff.

2. The causes of action which form the basis of this matter arise under Section 1981.

3. The District Court has jurisdiction over Count I (Section 1981) pursuant to 28 U.S.C.

§§ 1331 and 1343 (a)(4).

4. Venue is proper in the District Court under 28 U.S.C. § 1391(b) and (c).

5. Defendants are located within this District.

## THE PARTIES

6. Plaintiff, Natisha Smith is an adult African-American female individual with an address

   located within the State of Delaware.

7.  Defendant, INTERIM HEALTH CARE OF LOWER MONTGOMERY COUNTY
    (Defendant "Interim") is a corporation authorized to conduct business within the
    Commonwealth of Pennsylvania, with an address located at 540 Pennsylvania Avenue,
    Fort Washington, PA 19034.

8.  Defendant, PJK HEALTHCARE, INC. (Defendant "PJK") is a corporation authorized to
    conduct business within the Commonwealth of Pennsylvania, with an address located at
    540 Pennsylvania Avenue, Fort Washington, PA 19034.

9.  Defendant, Justin Pak, is the owner of Defendant PJK, with an address located at 540
    Pennsylvania Avenue, Fort Washington, PA 19034.

## FACTUAL ALLEGATIONS

10. Around July 2015, Plaintiff was hired for the position of Program Director.

11. Around 2016, Plaintiff was promoted to manager and director over the nursing and office
    staff.

12. Around July 2017, PJK was sold to Defendant, Justin Pak, and the company began to
    operate under the name of Interim.

13. Also, Around July 1, 2017, PJK and Plaintiff entered into an Employment Agreement
    which set forth the terms of Plaintiff's employment and compensation in her position as
    Program Director with PJK.

14. Shortly after Plaintiff was hired by Mr. Pak for her previously held position under
    previous management and ownership, Mr. Pak began to make racially insensitive and
    inappropriate comments about Ms. Smith's hair.

15. Specifically, on several occasions, Mr. Pak made comments such as "why do you people
    put those things (braids) in your hair?", asked if her hair was real, inappropriately

2

touched her hair and, stated that he had "worked down at Cecil B. Moore" and said "black women down there were always fighting, had nappy hair and sometimes it was flying around."

16. Further, Mr. Pak asked why Plaintiff wears her hair differently so often.

17. Mr. Pak's comments demonstrated a clear insensitivity and intolerance to diversity in the workplace.

18. Plaintiff objected to Mr. Pak's comments and it was clear that he did not take her objections seriously.

19. Further, Plaintiff complained to Mr. Pak, John Matta (a senior Vice President at PJK), and the prior owner, Peter Kirsche, that the company had a policy and/or practice of excluding black nursing aides from servicing clients in predominantly white and/or affluent neighborhoods.

20. In response to Plaintiff's report of this illegal practice, Mr. Pak stated, "I'm not racist, but I would like the white aides to be in the more prestigious neighborhoods."

21. Plaintiff objected to this racist practice (as well as accommodating the racist requests of clients) and informed Mr. Pak that "You can't do that.  You can't segregate the aides. Some of our best aides are black."

22. In response, Mr. Pak and John Matta laughed at Plaintiff's serious objections about the company's racist policies and procedures.

23. Lastly, Plaintiff objected to and informed PJK of the financial abuse some of the company's aides were engaging in with the company's elder clients.

3

24. Some of PJK's white aides had known criminal felonies yet Mr. Pak refused to acknowledge the risks and reports from entities such as Mercy Health regarding the alleged elder financial abuse.

25. On the other hand, Mr. Pak refused to hire certain black male aide candidates and subjected them to a more extensive and intrusive hiring process than the other white aide candidates.

26. Plaintiff objected to this discriminatory practice.

27. Defendants at all times failed to investigate or take appropriate remedial action with respect to Plaintiff's claims of unlawful discrimination and harassment.

28. As a result, and in retaliation of her complaints as set forth above, Plaintiff was terminated on October 5, 2017.

29. Defendants at all times refused to investigate or take appropriate remedial action with respect to Plaintiff's complaints of harassment and discrimination.

30. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

31. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

4

32. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against all the Defendants, jointly and severally.

33. Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

34. The above are just some examples, of some of the discrimination to which Defendants subjected Plaintiff.

## COUNT I
## SECTION 1981
### (Discrimination and Retaliation)

35. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

36. By committing the foregoing acts of racial discrimination, Defendants denied Plaintiff the right to "make and enforce contracts, to sue, be parties, [and] give evidence" and to be subject to "like punishment, pains, penalties, … and exactions of every kind," as is "enjoyed by white citizens" in violation of Section 1981.

37. Said violations were done with malice and/or reckless indifference.

38. As a direct and proximate result of Defendant's violation of Section 1981, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

39. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

40. No previous application has been made for the relief requested herein.

5

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and economic damages, punitive damages, liquidated damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

**DEREK SMITH LAW GROUP, PLLC**
*Attorneys for Plaintiff, Natisha Smith*

By: _____
Christopher R. Booth, Jr., Esq.
christopher@dereksmithlaw.com
1835 Market Street, Suite 2950
Philadelphia, Pennsylvania 19103
(215) 391-4790

Dated: April 7, 2021

6